IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **OTIS MADISON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00385 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **K. RAMEY, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Otis Madison, Pro Se Plaintiff.*

The plaintiff, Otis Madison, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he did not receive a copy of a disciplinary hearing officer's findings. Upon review of the complaint, I conclude that the action must be summarily dismissed.

Madison, an inmate at Red Onion State Prison, alleges the following sequence of events on which he bases his claim. Sometime in 2023, Sergeant C. Taylor wrote a Disciplinary Offense Report (DOR) against Madison for disobeying an order to return to general population. On March 30, 2023, Officer C. Stacy wrote a DOR against Madison for lewd or obscene actions directed towards or in the presence of another, No. ROSP-2023-0959. On April 11, 2023, Sergeant D. Branham wrote a DOR against Madison for disobeying an order, No. ROSP-2023-

1061.  On April 19, 2023, Branham wrote another DOR against Madison for disobeying an order to return to general population, ROSP-2023-1174.  On May 2, 2023, defendant K. Ramey as disciplinary hearings officer conducted a hearing and found Madison guilty of the charge written by C. Taylor for disobeying an order to return to general population.  Ramey also notified Madison that the two DORs written by Branham and the one DOR written by Stacy would be dismissed without a hearing.

Madison alleges that he did not receive a copy of Ramey's decision or the reasons supporting that decision.  On May 15, 2023, Madison filed a complaint requesting a copy of Ramey's decision.  Ramey denied his request.  Madison then filed a grievance on the matter, but defendant C. Vilbrandt denied it on May 24, 2023.  Madison appealed that decision.  Defendant Cathy Meade later upheld Ramey's ruling.  On May 31, 2023, Madison filed another complaint about the issue, but defendant P. Sykes denied it.

> Madison asserts that without a copy of the hearing officer's decision, he is
>
> prevented from obtaining necessary information and evidence needed to pursue legal actions regarding the officers in connections to prior disciplinary offenses that caused [him] the loss of privileges and retaliatory treatment by staff, that has caused [him] to have a mental break down and [be] placed on psychiatric medication.

Compl. 5, ECF No. 1. Madison sues Ramey, Sykes, Meade, the Commonwealth of Virginia, and the Virginia Department of Corrections (VDOC). As relief, he seeks monetary damages and costs.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Federal courts have an obligation to construe pro se pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I liberally construe Madison's allegations as an attempted claim that the defendants' failure to provide him with a copy of the hearing officer's decision and supporting reasons violated his procedural due process rights under the Fourteenth Amendment.

As an initial matter, Madison cannot prevail on his § 1983 claims against the Commonwealth and the VDOC or against the individual officers in their official capacities. Neither the state nor the individual state actors, sued in their official capacities, are considered a "person" subject to suit under § 1983. *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983"). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. Therefore, I will summarily dismiss Madison's claims against the Commonwealth, the VDOC, and all defendants in their official capacities.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. Where a claimant asserts procedural due process claims, the court must first consider whether the inmate has asserted a protected interest at stake and, if so, whether he was afforded the minimum procedural protections required by the Fourteenth Amendment before he was deprived of that interest. *Incumaa v. Stirling*, 791 F.3d 517, 526 (4th Cir. 2015). When a penalty for a disciplinary infraction does not inevitably affect the length of an inmate's term of confinement, his constitutionally protected liberty interests are limited to freedom from restraint that imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). Without a federally protected interest at stake, the inmate has no federal claim to

particular procedural protections. *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

Madison's due process claim fails on the first prong of this analysis. He does not allege that the guilty finding on the DOR charge resulted in any increase of his term of confinement. Nor does he allege suffering a penalty imposing anything more than a temporary loss of privileges. Lack of access to privileges for short time periods are an expected aspect of prison life. Thus, such penalties do not constitute the type of atypical or significant deprivation in which a state would create a federally protected liberty interest. Because I find that Madison has not demonstrated any liberty interest in avoiding the penalty or penalties imposed on him for the disciplinary charge on which he was found guilty, he also has not demonstrated that he had a federal constitutional right to any particular procedural protections during or after the hearing at which those penalties were imposed, including receipt of a copy of the hearing officer's decision and reasons.

For the stated reasons, I conclude that Madison's allegations in this lawsuit do not support a claim that he was deprived of a federal due process right. Therefore, I will summarily dismiss the case, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief can be granted. A separate Order will be entered herewith.

DATED: November 17, 2023

/s/  JAMES P. JONES
Senior United States District Judge